FULLER SHELLENBERGER V. STATE OF NEBRASKA.

FILED FEBRUARY 19, 1916.   NO. 19394.

1. **Criminal Law: Appeal: Law of the Case: Admissibility of Evidence.** On a second appeal to the supreme court, where the evidence is substantially the same as that presented on the first appeal, our former opinion on the question of the admissibility of the evidence is conclusive.

2. ———: **Instructions.** Instructions given by the trial court examined, and held without reversible error.

3. ———: **Refusal of Instructions.** Instructions requested by defendant examined, and found to have been properly refused.

ERROR to the district court for Nemaha county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*John C. Watson* and *Max M. Cohn,* for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe* and *Ernest F. Armstrong, contra.*

BARNES, J.

Fuller Shellenberger was charged in an indictment with the murder of one Julian Bahuaud. He pleaded not guilty, was tried in the district court for Nemaha county, and the trial resulted in a conviction. Error was prosecuted to the supreme court, where the judgment was reversed and the cause remanded to the district court for a new trial. *Shellenberger v. State,* 97 Neb. 498. On his second trial the jury again found him guilty and recommended that he should be imprisoned in the state penitentiary for life. He was sentenced accordingly, and has again prosecuted error to this court.

It is his first contention that the evidence was not sufficient to warrant a conviction. It is argued that the only evidence before the jury was an alleged confession, which the accused made, acknowledging his participation

in the commission of the crime charged in the indictment. This contention cannot be sustained, because the record contains sufficient corroboration of the confession to warrant the jury in finding the accused guilty of the crime charged. It is unnecessary to refer to the evidence of corroboration in disposing of this appeal. The confession and the evidence corroborating it are fully set out in our former opinion and will not be repeated in disposing of this contention.

Defendant next contends that the trial court erred in rulings on the admission of his confession in evidence, and argues that he was in custody when the confession was made, and therefore it was not voluntary and was not admissible. Our opinion on the former appeal contains the confession, recites the circumstances under which it was made, and the evidence of corroboration. It was there held that it was properly received in evidence, and it is sufficient to say that we adhere to our former opinion on that question.

It is further contended that, if the confession was properly received, then the whole confession should have been introduced in evidence, including all of the confessions made by defendant at different times. On the former appeal one of the grounds of reversal was that confessions of other crimes made at different times and on other occasions should have been received in evidence. The rulings of the court eliminated all questions relating to defendant's confessions, for the record shows that all of them were admitted in evidence on the last trial without limitation or restrictions of any kind.

It is also contended that the record shows that the defendant was addicted to making confessions of the crimes which the evidence shows he did not commit, and therefore no weight should have been given to his confession of the crime with which he was charged in this case.

It appears that, after the alleged confessions of other crimes were received in evidence, defendant was interrogated in relation to them, and testified that they were

not voluntary. In one instance it appears that he was arrested by the chief of police of the city of Omaha; that he was roughly and cruelly handled; was subjected to what they called the "third degree" at intervals for some three successive days, and finally, to end his torture, he made an untruthful confession. It may be said that this whole matter was before the jury, and they having found against the defendant, that question should receive no further consideration.

For the ruling of the trial court excluding a letter written by one Roberts to the county authorities of Nemaha county implicating two parties in the murder of Bahuaud, other than Gibbs and Kopf, who were implicated in the commission of the crime by defendant's confession, error is assigned. This assignment is without merit. The letter was written by one who does not appear to have any connection with the commission of the crime, and its contents are wholly immaterial, as was also the fact that a nolle was entered as to Kopf for the want of evidence to sustain a conviction as against him. We have examined the assignments of error for the exclusion of evidence, and find none in the rulings of the court.

Complaint is made of the admission of the testimony of nonexpert witnesses on the question of the sanity of the defendant, and counsel cite *State v. Thomas*, 154 N. W. (Ia.) 768, among other cases, in support of this contention. Those decisions have been examined, and we are of opinion that they are not in conflict with our rulings in such cases. Again, that question was determined by our opinion on the former appeal, where the testimony was held to have been properly admitted.

Counsel for defendant contends that the court erred in giving the fourteenth, fifteenth and sixteenth instructions upon his own motion. Those instructions related to the question of the mental condition of the defendant. It appears that the defense of insanity was relied on by the accused. That defense related to the mental condition of the defendant both at the time when the crime was committed

Shellenberger v. State.

and when he made his confessions. The instructions of which complaint is made need not be quoted. They were correct in substance, were the usual instructions given in such cases, and have been often approved by this court. On the question of the sanity of the defendant at the time he made the confession, the court instructed the jury as follows: "The court instructs the jury that the law presumes every one to be sane and responsible for his acts until the contrary appears from the evidence; but, if there is evidence in the case tending to show insanity, then the burden of proof is upon the state to prove by the evidence, beyond a reasonable doubt, that the defendant was sane at the time he made the confession proved in this case."

It is claimed also by the defendant that the court erred in his instructions numbered 5, 6, and 7, in which the meaning of the words "aiding and abetting" were defined, and by which the jury were directed as to how they should be considered as applied to the evidence. The substance of those instructions has been often approved by the courts of this country, and, as no authorities are cited in support of this assignment, it requires no further consideration.

Counsel for defendant also contend that the court erred in refusing to give instructions numbered 9, 11, and 14 at their request. The record discloses that requests numbered 9 and 11 were, by instruction No. 7, given by the court on his own motion, and the substance of request No. 14 was contained in paragraphs numbered 11 and 12, which were given by the trial court.

An examination of the record shows that defendant had a fair trial; that the errors for which the former judgment was reversed were carefully avoided. He was accorded every right for which his counsel contended, and the jury found him guilty a second time. Under the rule in *Lucas v. State,* 78 Neb. 454, the judgment is

AFFIRMED.